CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 0 1 2013

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| BILLY ROBERT CHAFIN, | ) | CASE NO. 7:13CV00050 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| SOUTHWEST REGIONAL JAIL | ) | |
| AUTHORITY, DUFFIELD, VA, | ) | By: James C. Turk |
| | ) | Senior United States District Judge |
| Defendant. | ) | |

Billy Robert Chafin, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that he is not receiving adequate medical treatment for his arthritis pain. Upon review of the record, the court finds that the action must be summarily dismissed.

I

Chafin is an inmate at the Southwest Regional Jail Authority ("SRJA") facility in Duffield, Virginia. Chaffin alleges that on several occasions over the last nine months, he has sought treatment for arthritis pain in his back and foot. The SRJA medical staff have provided him with various doses of medication for pain, but none has provided Chafin with relief. He states that he is "exhausted with no relief." The jail doctor told Chafin that "they cannot treat [his] back any more than they are doing." Chafin then filed this civil action against the SJRA, asking to be moved to a prison facility that can provide him unspecified medical relief.

II

The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). In order to

state a claim in any federal civil action, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

"Local governing bodies . . . can be sued directly under §1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. New York City Dept, of Social Services, 436 U.S. 658, 690 (1978). To prove that a governmental entity, such as a local jail authority, is liable for constitutional violations committed by its employees, plaintiff must show that the entity's policy was "the moving force of the constitutional violation." Polk County v. Dodson, 454 U.S. 312, 326 (1981).

Chafin fails to link the nature of the medical care he has received to a specific policy or decision "officially adopted" by the governing body of the jail authority. Even if Chafin could show that conditions themselves violated his constitutional rights, which he has failed to do here,[1] his allegations "fall far short of proof of an unconstitutional municipal policy" as the cause of any such deprivation and utterly fail to show that the jail authority is "deliberately indifferent to the relevant rights of its" inmates. See Carter v. Morris, 164 F.2d 215, 220 (4th Cir. 1999) (rejecting municipal liability claim where "one looks in vain for a possible causative link between any municipal decision and [plaintiff's] own experience"). Accordingly, Chafin fails to state a claim upon which relief may be granted against the jail, and the court will dismiss his complaint, under § 1915A(b)(1), as legally frivolous. An appropriate order will issue this day.

---

[1] Chafin's allegations about his medical care do not support a constitutional claim here, because he fails to state facts demonstrating that anyone at the jail has acted with deliberate indifference to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976) (holding that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain" prohibited by the Eighth Amendment).

2

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 1st day of March, 2013.

/s/ James C. Turk
Senior United States District Judge